(C.D. 4804)

Swift Instruments, Inc.,
PLAINTIFF,

v.

United States,
DEFENDANT.

Court No. 72-1-00119

(Decided May 22, 1979)

*Glad, Tuttle & White* (*Stephen S. Spraitzar* of counsel) for the plaintiff.

*Barbara Allen Babcock,* Assistant Attorney General (*Joseph I. Liebman,* Attorney in Charge, Field Office for Customs Litigation; *Susan C. Cassell,* trial attorney), for the defendant.

RICHARDSON, Judge: This action is submitted for decision upon a merchandise sample which consists of wood microscope cases of Japanese origin, imported through the port of San Francisco, Calif., between April 1966, and December 1968, in the same shipments with frames, mountings, and other parts of microscopes of like origin; and a stipulation that the imported cases are approximately 18½ inches high, 10¾ inches wide, and 14¼ inches long. It is also stipulated that the cases (1) are in chief value of wood, (2) are ordinarily sold at retail with a complete microscope, (3) are not ordinarily sold at retail with frames, mountings, and parts thereof of the character with which they are imported, (4) are partially lined with a textile material which is approximately 20 inches long and 3¼ inches high located at the rear of the case, (5) that the purpose of the lining is to provide a good fitting of the microscope in the case, to prevent the scratching of the microscope by the case, and to preserve the cosmetic appearance of the microscope, and (6) that the total surface area inside the

microscope case is approximately 1,102.5 square inches, and the textile lining inside the microscope case covers approximately 65 square inches.

Upon importation the merchandise, including the cases in dispute, was classified in liquidation pursuant to headnote 2 of TSUS schedule 7, part 2, under the provision in item 708.80 for "Frames and mountings, and parts thereof: For compound optical microscopes" at the duty rate of 30 or 27 per centum ad valorem, depending upon date of entry. Headnote 2, supra, provides, "Cases, boxes, and containers of types ordinarily sold at retail with the instruments or other articles provided for in this part are classifiable with such articles if imported therewith."

Plaintiff claims that the cases are properly classifiable under TSUS item 204.50 as modified by T.D. 68–9 as microscope cases lined with textile fabrics at the duty rate of 2 cents per pound plus 5 per centum ad valorem or 2 cents per pound plus 4.5 per centum ad valorem, depending upon date of entry. Alternatively,* plaintiff claims that the cases should be classified under TSUS item 204.40 as microscope cases not lined with textile fabrics at the duty rate of 16⅔ per centum ad valorem.

Plaintiff contends that the imported cases are not classifiable under item 708.80 because they are not ordinarily sold at retail with the articles with which they were imported. Plaintiff argues, "Headnote 2 is intended to classify the cases which are so closely associated with the instruments or articles, under the provision providing for these instruments or articles if the cases are imported with these instruments." (brief, p. 13) Defendant contends that headnote 2 mandates that microscope cases imported with frames and mountings provided for in item 708.80 be classified therewith. Defendant argues, "It is undisputed that these' cases are 'ordinarily sold at retail' with complete microscopes [stipulation, para. 8], and that the frames and mountings imported with these cases were assembled into the very microscopes which were sold at retail with the imported cases [complaint, para. 9]." (brief, p. 6)

Plaintiff further contends that the cases are "lined" within the meaning of item 204.50. Plaintiff argues that "item 204.50 encompasses partially lined microscope cases as well as completely lined cases." (brief, p. 16) Defendant contends, in the event the court determines the classification of the cases to be erroneous, that the cases are classifiable under item 204.40, and not 204.50. Defendant argues, "it is clear that the textile fabric contained in the microscope

---

*Plaintiff's primary and alternative claims were set up in reverse order in the complaint. Also, a second alternative claim in the complaint for classification of the cases under TSUS Item 207.00 has been abandoned.

cases is insufficient, as a matter of law, to render the importation 'lined,' for tariff purposes * * *." (brief, p. 8)

The court agrees with plaintiff. The wood microscope cases should not have been classified under item 708.80 under the facts of record since the associated articles classifiable thereunder, i.e., frames, mountings, and other microscope parts, are incompatible with the imported cases, and, admittedly, are not sold at retail with these cases. The court reads headnote 2, *supra,* as requiring compatibility between the imported cases and instruments or other articles *as of the time of importation* in order for the headnote to control classification of the cases.

Classification of imported merchandise not governed by use must be determined on the basis of the condition of the merchandise *at the time of importation. Leonard Levin Co.* v. *United States,* 27 CCPA 101, C.A.D. 69 (1939). Admittedly, at the time of importation of the disputed cases the associated articles imported therewith were not microscopes—the only articles with which the subject cases are compatible and with which they are ordinarily sold at retail. And it is only when these associated articles are *assembled with other components after importation* that the resulting microscopes acquire compatibility with the cases. That post-importation considerations were not intended by the framers of headnote 2, *supra,* to be the occasion for its application is reflected in the draftsman's notes by way of reference to the microscope as an exemplar, wherein it is stated:

> * * * Many articles such as microscopes are ordinarily sold with a case of wood or other material which not only provides protection for the instrument during transportation but also in the laboratory or elsewhere when the instrument is not in use. These cases, which are usually of special design, are so closely associated with the instrument that they should be classifiable therewith if imported with such instruments. [*Tariff Classification Study, Schedule 7,* p. 139 (1960).]

As for the matter of the textile lining, the court is of the opinion that the disputed cases are "lined" within the meaning of item 204.50. There is nothing in the provision which prescribes the *quantum* of lining a case must possess in order to be deemed "lined" for classification purposes. Consequently, each issue presented under the provision must be judged on the basis of its own peculiar facts.

An inspection of the interior of the sample case (joint exhibit A) indicates that practical considerations dictated that the 65 square inches of lining inside the case were considered adequate to achieve the goals of (1) providing a good fitting of scope to case, (2) the avoidance of scratches on the scope from the case, and (3) the preservation of the cosmetic appearance of the scope. At the base there are built-in wood inserts arranged in a horseshoe configuration of ap-

proximately 20 inches in length and 3¼ inches in height. It is this horseshoe configuration which received the lining, undoubtedly for the purpose of accommodating the horseshoe-shaped base of the scope in a snug fit. And since not all parts of a microscope are likely to come into contact with the case, placement of the lining elsewhere in the interior would appear to be superfluous.

In any case, the upper portion of the case interior of joint exhibit A is equipped with offsetting wood structural inserts (top) and metal guide rails (sides), the obvious purpose of which would appear to be the promotion of stability of the upper portion of the microscope through minimization of movement in the case. Additionally, against the interior of the hinged door of the case round rubber cushions have been cemented to facilitate stabilization of the scope when in the case. All in all, the case appears to have been precision-built to house a particular shaped microscope; and, in view of the concession that the microscopes are ordinarily sold with these cases, the court infers that the avowed goals of the partial lining have in fact been achieved.

The partial lining, which comprises approximately 5.9 percent of the total inside surface of the case, is clearly functional, and, therefore, cannot be deemed *de minimis* or insignificant, notwithstanding the fact that the case is not fully lined. See and compare, *Bemis Bro. Bag Co.* v. *United States*, 11 Ct. Cust. Appls. 373, T.D. 39162 (1922), wherein colored fabric comprising only 3 percent of the surface area was held sufficient to sustain classification of the fabric as "colored" as opposed to "uncolored". The record supports classification of the cases under item 204.50 as claimed.

Judgment will be entered herein accordingly.